The STATE of Ohio, Appellee,

v.

POLK, Appellant.

[Cite as *State v. Polk* (1997), 119 Ohio App.3d 638.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–96–33.

Decided May 23, 1997.

SHAW, Judge.

Defendant-appellant, Marguerite Polk, appeals from the judgment of the Common Pleas Court of Auglaize County, that applied her appeal bond deposit in the amount of $25,000 toward any outstanding restitution, fine and court costs.

On September 15, 1995, defendant entered a negotiated plea of no contest to one count of theft, a violation of R.C. 2913.02(A)(1) and (2). She was convicted and the trial court sentenced her to an indefinite term of not less than three years' nor more than fifteen years' incarceration. The court also fined her $7,500 and ordered her to pay restitution in the amount of $145,076.78, plus court costs. Defendant appealed her conviction to this court, challenging the trial court's acceptance of her plea of no contest and claiming ineffective assistance of counsel with respect to that plea.

On July 22, 1996, defendant filed a petition for postconviction relief pursuant to R.C. 2953.21. On August 16, 1996, she filed an application for bail and suspension of execution of her sentence during the pendency of her appeal. The trial court granted the application upon the condition that defendant post bond in the amount of $250,000, ten percent in cash, plus her own recognizance. On September 12, 1996, defendant deposited $25,000 with the clerk of the common pleas court and also filed her recognizance with the clerk.

Subsequently, at the hearing held on the postconviction relief petition, the trial court granted defendant's petition upon agreement of both parties but only with respect to the sentencing. As a result, her previous sentence was vacated and set aside. The court then proceeded to resentence defendant to an indefinite term of not less than three years' nor more than fifteen years' incarceration and fined her $7,500. She was also ordered to pay restitution and court costs. However, after defendant moved for probation, the court suspended execution of the sentence and ordered that she be placed on probation for a term of five years. Upon a motion to dismiss, this court dismissed defendant's pending appeal from her conviction.

Thereafter, on November 19, 1996, the trial court issued an entry ordering that defendant's cash appeal bond deposit be applied toward the restitution, fine and court costs with the balance, if any, to be released to the defendant. Defendant now appeals from this order and raises two assignments of error. For her first assignment of error, defendant asserts:

"The trial court erred when it applied the appeal bond deposit toward restitution, costs and fines misconstruing the terms of the written contract contained within the appeal bond."

In this case, we are presented with the unique issue of whether the trial court acted properly in applying defendant's cash appeal bond deposit toward the restitution, fine and costs upon dismissal of her appeal. Defendant argues that the court erred based upon contract law, reasoning that the language of the appeal bond itself does not permit it.

R.C. 2953.09(A)(2)(a) provides that a court may grant bail and suspend the execution of the sentence in a criminal action during the pendency of an appeal consistent with App.R. 8 and Crim.R. 46. App.R.8(B) specifies that an application for bail must first be made in the trial court. The Ohio Supreme Court has held that conditions placed on bail must relate to ensuring the appearance of the defendant and the reasons for forfeiture to nonappearance. *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 272, 553 N.E.2d 1053, 1055–1056. In that case, an order conditioned the right to bail on an accused's or surety's consent to forfeit the bail for fines and costs, which was not explained or justified in terms of ensuring appearance, and provided implicitly for forfeiture upon conviction even though the obligation to appear was fully satisfied. The Supreme Court determined that it violated the prohibition of Section 9, Article I of the Ohio Constitution against excessive bail, because it placed limiting conditions on bail that were unrelated to appearance of the accused.

We find the present case to be factually distinguishable from that case. In this case, the defendant herself deposited the cash, not a surety, and had no

conditions placed on it that were unrelated to appearance. Moreover, the cash deposited could be subject to execution in the ordinary course of law for the satisfaction of any restitution, fine, or costs assessed against the defendant upon her conviction. Additionally, we note that neither R.C. 2953.09, App.R. 8, or Crim.R. 46 expressly prohibits a cash deposit from being used to pay restitution, fines, and costs owed on a lawful judgment. Under these circumstances, we conclude that the trial court did not err in applying defendant's cash bond deposit toward the satisfaction of any outstanding restitution, fine, and costs instead of releasing it to the defendant.

Although R.C. 2937.40 concerns bail in criminal cases in general and does not specifically address bail upon appeal, our decision is reinforced by section (C), which provides as follows:

"Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by an accused shall be discharged and released to the accused, and property pledged by an accused for a recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is not indigent, the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, and may declare forfeited and levy or execute against pledged property for the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea."

Accordingly, we find defendant's first assignment of error to be without merit and not well taken.

For her remaining assignment of error, defendant asserts:

"The trial court erred by failing to hold a hearing to determine exactly what restitution appellant must pay."

■ R.C. 2929.11(E) provides that the court "may require a person who is convicted of or pleads guilty to a felony to make restitution * * * for all or part of the value of the property that is the subject of any theft offense." A trial court abuses its discretion in ordering an amount of restitution which has not been determined to bear a reasonable relationship to the actual losses suffered. *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.

■ In the present action, we note that the defendant was originally ordered to make restitution in the amount of $145,076.78. This was the actual amount of the theft offense, which was identified in the bill of particulars. Also, the figures presented to the court by the prosecutor support the imposition of that amount of restitution. Defendant did not object to that order of restitution.

Moreover, we find it significant that defense counsel did not dispute the total restitution amount in either the appeal from defendant's conviction, which was ultimately dismissed, or the petition for postconviction relief. Specifically, the record reveals that the trial court granted postconviction relief based upon ineffective assistance of counsel at time of sentencing because counsel was not given an opportunity to review information that was to be used in a postsentence investigation. The trial court then proceeded to order restitution in the same amount as before. In fact, at the hearing held, defense counsel argued for probation, maintaining that $118,000 taken from the cemeteries' trust fund for which defendant was convicted was reimbursed by the federal authorities and thus only approximately $27,000 still remained owing for restitution. The transcript reflects that the prosecutor conceded the fact of this reimbursement. However, because defense counsel sought to have that amount credited to the total amount of restitution, the trial court requested counsel to submit to the court a memorandum of law on this issue. It appears from the record that counsel did not submit such a memorandum to the court.

Nonetheless, there is a sufficient basis in the record to establish the amount of outstanding restitution. Accordingly, the defendant's second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.