DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant has appealed his conviction and sentence in the Municipal Court of Akron for driving while under suspension. This Court affirms in part and reverses in part.
 I {¶ 2} On August 1, 2004, Appellant was issued a citation for driving a motor vehicle while under a suspended license, in violation of Akron City Code § 71.07. The citation was issued by Officer David Hayes ("Hayes"), who was an officer with the Akron Police Department working as a security officer at the Akron Municipal Housing Authority ("AMHA"). Hayes testified that he witnessed a car enter the AMHA jurisdiction, at which time Hayes ran a background check on the license plate. The background check revealed that the owner of the car, Rashid Fitzgerald, had a suspended license. The driver of the car, Appellant, soon parked the car on the side of the road. Not knowing that the driver was anyone other than Rashid Fitzgerald, Hayes approached the car and asked the driver, Appellant, to produce his driver's license. Appellant complied, at which time Hayes ran a check on Appellant's license and discovered that Appellant's driver's license was suspended. Hayes then issued Appellant a citation for driving while under suspension.
 {¶ 3} A bench trial occurred on September 29, 2004. On October 7, 2004 the trial court found Appellant guilty as charged and sentenced him to onehundred-eighty days of house arrest. The term of house arrest was suspended pending appeal. Appellant was also fined $150, which was suspended.
 {¶ 4} Appellant has timely appealed his conviction and sentence, asserting three assignments of error.
 II Assignment of Error Number One
"Trial counsel's failure to timely file a written jury demand constituted ineffective assistance of counsel and deprived [appellant] of his sixth amendmend right to a jury trial."
 {¶ 5} In his first assignment of error, Appellant has argued that he was denied the effective assistance of counsel at trial. Specifically, he has argued that his counsel was ineffective because said counsel did not timely file a jury demand notice and, as a result, Appellant's right to a jury trial was waived against Appellant's wishes. We disagree.
 {¶ 6} "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00CA0072, at 4, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102.
 {¶ 7} In order to establish that counsel's performance was ineffective, and not just debatable trial tactics, the defendant must satisfy the following twopronged test:
"`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 8} The defendant bears the burden of proving prejudice. Colon at ¶ 49, citing State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 9} Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 768. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Colon at ¶ 49, quotingStrickland, 466 U.S. at 690. An appellate court may analyze the prejudice prong of the Strickland test if such analysis will dispose of an appellant's claim of ineffective assistance of counsel. See State v. Loza
(1994), 71 Ohio St.3d 61, 83, certiorari denied (1995), 514 U.S. 1120,115 S.Ct. 1983, 131 L.Ed.2d 871.
 {¶ 10} In the instant matter, Appellant has argued that his counsel was deficient because counsel failed to timely file a jury demand notice. In response, the State has argued that Appellant was not prejudiced by counsel's failure to timely file a jury demand notice and, therefore, counsel was not ineffective.
 {¶ 11} Pursuant to Crim.R. 23(A): "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial * * * not less than ten days prior to the date set for trial * * * or on or before the third day following receipt of notice of the date set for trial, whichever is later."
 {¶ 12} In the instant matter, our review of the docket from the trial court reveals that on August 26, 2004, the trial court set Appellant's trial for September 24, 2004. Although not reflected on the docket, it is clear that Appellant's trial was continued until September 29, 2004. The record also indicates that the trial court filed a jury request form on September 24, 2004. Defense counsel never filed a jury demand form and, on September 28, 2004, the trial court filed a jury cancellation form. At the beginning of Appellant's bench trial on September 29, 2004, Appellant's counsel accepted responsibility for not filing the jury demand form and requested a continuance of the trial so that he could file a jury demand form.[1] The trial court denied Appellant's motion for a continuance and the matter proceeded to trial.
 {¶ 13} Our review of the record reveals that Appellant has not presented any evidence that the trial court was biased or prejudiced against him or that Appellant was prejudiced by the occurrence of a bench trial. As a result, Appellant has failed to present any evidence that the bench trial resulted in an unreliable result. Strickland, 466 U.S. at 687. He has merely argued that he could have had a jury trial had his counsel filed a demand notice. Although this is a correct statement of the law, such a contention fails to establish prejudice.
 {¶ 14} Based on the foregoing, Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "The trial court erred when it allowed a police officer to testify who was incompetent to testify pursuant to R.C. 4549.14 and ohio rule of evidence 601(c)." {¶ 15} In his second assignment of error, Appellant has argued that Hayes, the State's sole witness at trial, was incompetent to testify. Specifically, Appellant has argued that Hayes used an unmarked police car to actively enforce traffic laws and, as a result, was incompetent to testify at trial pursuant to R.C. 4549.14 and Evid.R. 601(C). We disagree.
 {¶ 16} Pursuant to R.C. 4549.14:
"Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13
of the Revised Code."
 {¶ 17} R.C. 4549.13 states that:
"Any motor vehicle used by * * * any other peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. * * *"
 {¶ 18} Pursuant to Evid.R. 601(C), an officer is not competent to testify if:
"[W]hile on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor * * * the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
 {¶ 19} This Court will not overturn a decision that a particular witness was competent to testify absent a showing that the trial court's decision constituted an abuse of discretion. State v. Huffman (Aug. 8, 2001), 9th Dist. No. 00CA0084, at 4, citing State v. Braden (1936),56 Ohio App. 19, 23-24. An abuse of discretion connotes more than a mere error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St. 3d 217, 219.
 {¶ 20} Appellant has argued that Hayes was engaged "exclusively or for the main purpose of enforcing motor vehicle or traffic laws" while operating an unmarked AMHA car. As a result, Appellant continues, pursuant to R.C. 4549.14 and Evid.R. 601(C), Hayes was not competent to testify against Appellant at trial. In response, the State has argued that Appellant failed to present any evidence that Hayes was incompetent to testify.
 {¶ 21} Our review of the record reveals that Hayes testified that he operated an unmarked AMHA car on the night of August 1, 2004. Hayes also testified that while on duty, he patrolled the AMHA area, responded to calls, and conducted general security activities for the different AMHA complexes.
 {¶ 22} Appellant made a motion to dismiss wherein he argued that because Hayes was incompetent to testify and the State's sole witness at trial, the charge against Appellant should be dismissed. The trial court concluded that Hayes was competent to testify, stating that "the AMHA security detail is not exclusively on duty for the main purpose of enforcing the traffic laws." The trial court then denied Appellant's motion to dismiss
 {¶ 23} It is well settled that as long as competent, credible evidence exists which supports the trial court's decision, that decision will stand. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St. 2d 279, 280. It is also well settled that "an appellate court may not substitute its own judgment for that of the finder of fact."State v. Awan, 22 Ohio St. 3d 120, 123.
 {¶ 24} Our review of the record convinces us that Hayes' sworn testimony served as competent, credible evidence that Hayes was engaged in more than the exclusive enforcement of traffic laws on the night of August 1, 2004. As such, we conclude that the trial court did not abuse its discretion when it determined that Hayes was not precluded from testifying pursuant to R.C. 4549.14 and Evid.R. 601(C).
 {¶ 25} Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"The trial court committed prejudicial error when it allowed appellant, who had assigned counsel, to be sentenced without his counsel present."
 {¶ 26} Appellant has argued that because he was represented by counsel, his Sixth Amendment right to counsel was violated when the trial court imposed sentence in the absence of trial counsel. The State has agreed that Appellant had a right to have his counsel present at sentencing and, therefore, the instant matter should be remanded for resentencing. We agree.
 {¶ 27} It is clear from the record that Appellant was represented by counsel at trial, yet his counsel was not present at the time of sentencing. Therefore, this Court remands the instant matter for resentencing. Appellant's third assignment of error has merit.
 III {¶ 28} Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. This Court remands the instant matter to the trial court for re-sentencing consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] We note that defense counsel has not argued that his notice of the September trial date was in some way defective. Therefore, we presume that defense counsel and Appellant did receive proper notice of the September trial date and that defense counsel simply failed to file a jury demand notice in accord with Crim.R. 23(A).