OPINION
{¶ 1} This accelerated calendar appeal, submitted on the record and briefs of the parties, arises from the Conneaut Municipal Court, wherein appellant, Mitch Todaro, was convicted on one count of public indecency, a fourth-degree misdemeanor.
 {¶ 2} The following facts are relevant to this appeal. On July 28, 2003, the Conneaut Police Department received a call from the victims, two thirteen-year-old girls, who informed the police that a man had exposed himself to them while they were at a public beach in Conneaut, Ohio. The police operator dispatched officers to the scene, but they could not locate a suspect. An employee at Waterworks, an establishment located on the beach, informed the officers that a red vehicle had been parked in front of that building around the time of the alleged incident. The following day, the police received a call from the same employee indicating that the same red vehicle was again parked in front of the building. The police arrived at the scene and found appellant in the red car parked in front of the building. Appellant acknowledged that he had been at the beach the previous day and that a girl had approached him inquiring about the time, however, he denied exposing himself to anyone.
 {¶ 3} Appellant was subsequently charged with public indecency, a fourth-degree misdemeanor. A bench trial commenced October 20, 2003. Appellant was subsequently found guilty and sentenced to thirty days in jail, with twenty-five days suspended, as well as five years unsupervised probation. Appellant filed the instant appeal in January 2004.
 {¶ 4} In August 2004, this court remanded the matter for twenty days to allow the trial court to clarify its judgment entry. Specifically, the judgment entry did not comply with the criteria for a formal, final judgment as set forth in State v. Ginocchio and Crim.R. 32(C), as it did not articulate anywhere in the judgment the specific ordinance or statutory violation appellant had been charged with and of which appellant had been found guilty.[1]
 {¶ 5} A second nunc pro tunc judgment entry was issued by the trial court on September 14, 2004, which included the specific statute of which appellant had been charged and convicted — public indecency, in violation of R.C. 2907.09(A)(1). Appellant's original appeal was considered a premature appeal pursuant to App. R.4(C), and was permitted to proceed according to rule.
 {¶ 6} In the meantime, appellant had filed a motion with this court to stay the execution of sentence pending appeal. This court granted that motion upon the posting of a $250 cash bond. That stay will be vacated upon the effective date of this court's order.
 {¶ 7} Appellant presents three assignments of error. The first assignment of error is:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING DEFENDANT-APPELLANT GUILTY OF PUBLIC INDECENCY."
 {¶ 9} In his first assignment of error, appellant contends the state failed to offer sufficient evidence to sustain appellant's conviction of public indecency. We disagree.
 {¶ 10} "`"[T]he test [for sufficiency of the evidence] is whether after viewing the probative evidence and the inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiryabout due process. It raises a question of law, the resolution of whichdoes not allow the court to weigh the evidence. * * *" * * *'
 {¶ 11} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `[a] reviewing court (should) not reverse a * * * verdict where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.'"[2]
 {¶ 12} Thus, "[a]n appellate court must look to the evidence presented to determine if the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt."[3]
 {¶ 13} Moreover, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact.[4] Thus, in the instant case, the state was required to present sufficient evidence to establish that appellant committed public indecency.
 {¶ 14} R.C. 2907.09, the statute codifying public indecency, reads, in pertinent part:
 {¶ 15} "(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 {¶ 16} "(1) Expose his or her private parts, or engage in masturbation[.]"
 {¶ 17} "Recklessly" is defined in R.C. 2901.22, which provides:
 {¶ 18} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 19} Appellant frames his contention within the manifest weight framework. However, the thrust of his contention is that the state failed to present sufficient evidence that appellant exposed himself to the victims. He premises his argument on the fact that the testimony elicited from both girls at trial was contradictory and conflicting.
 {¶ 20} The state presented the testimony of both victims, as well as the investigating detective. Both victims were thirteen-year-old girls. The first victim testified that the girls arrived at the beach on July 28, 2003, and no one but appellant was present. She testified that they waved to appellant but had no contact with him until they approached him to ask for the time. She stated that appellant told her it was around 5:00 p.m. She testified that she and the other victim picked up their things and walked to the steps to exit the beach. She stated they both turned around to check to see if they left anything behind and then saw appellant completely naked. She testified that they both screamed, appellant turned toward them, and then they ran.
 {¶ 21} The second victim testified similarly except that when they first turned around to check to see if they left belongings behind, appellant had shorts on but then took them off, turned, and faced the girls. She did not indicate that they screamed prior to appellant turning toward them. Thus, other than these slight differences in their testimony, both girls essentially testified that they were alone with appellant at the beach, they inquired about the time, and then decided to leave. They gave one last look back to see if they left any belongings, and appellant turned toward them, completely unclothed, and they quickly left the scene.
 {¶ 22} We do not find this testimony to be either contradictory or insufficient. Through the victims' testimony, the state was able to establish that appellant had contact with the girls, whom he did not know, and that he knew they were present at the beach. Moreover, the testimony established that immediately after talking with the girls, appellant proceeded to disrobe completely, and then turn toward where he knew the victims were standing, in satisfaction of the recklessness requirement.
 {¶ 23} Therefore, we conclude the state met its burden of presenting sufficient evidence that appellant committed public indecency to sustain the conviction.
 {¶ 24} Appellant's first assignment of error is without merit.
 {¶ 25} THE SECOND ASSIGNMENT OF ERROR IS:
 {¶ 26} "DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO A TRIAL BY JURY."
 {¶ 27} In his second assignment of error, appellant contends the trial court erred in failing to inform appellant that he had a right to a jury trial prior to commencement of the bench trial. We disagree.
 {¶ 28} Appellant cites this court's holding in State v. Taylor for the proposition that his failure to object to the lack of a jury at the bench trial does not constitute a waiver of his right to a trial by jury.[5]
We find appellant's reliance on Taylor to be misplaced.
 {¶ 29} In State v. Taylor, appellant had filed a written demand for a jury thirty days prior to commencement of trial. In Taylor, the appellant never executed a written waiver of that jury demand and, thus, although appellant did not object to the lack of a jury at the commencement of the bench trial, he had not waived his right to a jury trial.[6] Those facts are clearly distinguishable from the matter at hand.
 {¶ 30} Pursuant to Crim.R. 23(A), a demand for a jury trial must be made not less than ten days before trial, or on or before the third day following receipt of notice of the set trial date, whichever is later. In the instant case, the record is devoid of any indication that appellant made a demand for a jury trial, either written or oral, prior to commencement of trial. Appellant refers only to a brief discussion during sentencing where he stated he thought a jury, instead of the judge, would decide his case. Thus, not having asserted his right to a jury trial in any form prior to trial, appellant waived that right and cannot now claim that he was prejudiced.
 {¶ 31} Appellant's second assignment of error is without merit.
 {¶ 32} THE THIRD ASSIGNMENT OF ERROR IS:
 {¶ 33} "DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 34} In his third assignment of error, appellant asserts a claim of ineffective assistance of counsel, as his counsel failed to inform him of the jury demand requirement, had never discussed the possibility of a jury trial with him, and, thus, the jury demand was never made. Appellant also asserts that counsel offered nothing in terms of mitigation at the sentencing hearing.
 {¶ 35} In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that prejudice occurred due to the deficiency.[7] "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."[8]
 {¶ 36} We conclude that appellant's ineffective assistance claims fails on both prongs of the Strickland standard. First, appellant has not directed this court's attention to any communications between himself and counsel regarding his desire for a jury trial. Counsel's desire not to present appellant's case to a jury falls within "an objective standard of reasonable representation" in light of the two young victims in the case. Electing to present appellant's case before the trial judge rather than a jury is embodied within the reasonable professional judgment standard and cannot be deemed deficient. Moreover, appellant's contention that counsel did not present the mitigating factor that he was not recommended for any sexual offender program also does not rise to the level of deficient performance.
 {¶ 37} Secondly, appellant was subsequently sentenced to thirty days imprisonment, with twenty-five days suspended, for his fourth-degree misdemeanor conviction, a sentence well within the trial court's discretion. Moreover, appellant does not contend he ever inquired about a jury trial or even mentioned the topic until his sentencing, thus rendering his argument of prejudice less persuasive.
 {¶ 38} Thus, as appellant has failed to demonstrate that his trial counsel was ineffective under the Strickland standard, we find his third assignment of error without merit.
 {¶ 39} Based on the foregoing, appellant's assignments of error are without merit, and the judgment of the Conneaut Municipal Court is affirmed. The stay of execution of sentence is hereby dissolved. The clerk of courts shall apply the cash bond to payment of fines and costs.[9]
Grendell, J., Rice, J., concur.
[1] State v. Ginocchio (1987), 38 Ohio App.3d 105.
[2] (Citations omitted and emphasis in original.) State v. Schlee,
(Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13-14.
[3] (Citations omitted.) State v. Clark, 11th Dist. No. 2002-A-0056, 2003-Ohio-6689, at ¶ 16.
[4] State v. Dennis (1997), 79 Ohio St.3d 421, 430.
[5] State v. Taylor (May 11, 2001), 11th Dist. No. 98-P-0020, 2001 Ohio App. LEXIS 2144.
[6] Id. at *3.
[7] Strickland v. Washington (1984), 466 U.S. 668, paragraph two of the syllabus.
[8] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
[9] State v. Polk (1997), 119 Ohio App. 3d 638, 641.