[Cite as *State v. Bell*, 2025-Ohio-5439.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250084 |
| | | TRIAL NOS. C/24/TRC/32944/B |
| Plaintiff-Appellee, | : | C/24/TRC/32944/C |
| | | C/24/TRC/32944/D |
| vs. | : | |
| | | |
| ROBERT BELL, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/5/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Bell*, 2025-Ohio-5439.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250084 |
| | | TRIAL NOS. | C/24/TRC/32944/B |
| Plaintiff-Appellee, | : | | C/24/TRC/32944/C |
| | | | C/24/TRC/32944/D |
| vs. | : | | |
| | | | |
| ROBERT BELL, | : | | |
| | | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: December 5, 2025


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1} Defendant-appellant Robert Bell appeals the trial court's judgments convicting him of operating a vehicle while under the influence of alcohol or drugs ("OVI"), speeding, and driving without a valid license. Bell argues that his trial counsel was ineffective for failing to request a jury trial and for failing to file a motion to suppress in conjunction with his OVI. Bell also argues that his conviction for driving without a valid license was not supported by sufficient evidence. For the reasons set forth below, we affirm the trial court's judgments.

## *Background*

{¶2} On June 29, 2024, a Mt. Healthy police officer initiated a traffic stop of a pickup truck after the officer used his radar gun to capture the truck traveling 44 m.p.h. in a 25 m.p.h. zone. The officer approached the truck, which was driven by Bell and had a female in the passenger seat. The officer noticed that Bell was sweating and that he had watery eyes. The officer also noticed a "fruity" odor of alcohol. Bell did not have a driver's license and instead produced an identification card. Bell admitted to the officer that he had been drinking and that he had consumed a "half pint" of wine.

{¶3} The officer requested that Bell step out of the truck to perform field sobriety tests. The officer first conducted the horizontal gaze nystagmus ("HGN") test on Bell, and according to the officer, Bell exhibited all six clues of impairment. The officer next conducted the walk-and-turn test on Bell where the officer observed three out of the possible eight clues of impairment. The officer also conducted the one-leg-stand test on Bell, but Bell did not demonstrate any clues of impairment on that test. In addition to the standard field sobriety tests, the officer also conducted the lack of convergence test and the Modified Romberg test on Bell. According to the officer, he observed a lack of convergence in Bell's eyes, indicating impairment. As to the

Modified Romberg test, the officer observed that Bell did not tilt his head all the way back as instructed, and that Bell only counted to 22 seconds instead of 30 seconds as instructed. The officer arrested Bell for OVI. At the police station, Bell consented to a breathalyzer test, which resulted in a breath alcohol test result of 0.115 grams.

{¶4} On December 10, 2024, the State charged Bell in the underlying cases with speeding, OVI in violation of R.C. 4511.19(A)(1)(a), per se OVI in violation of R.C. 4511.19(A)(1)(d), and operating a motor vehicle without a valid license. The matter proceeded to a bench trial where the trial court found Bell guilty of per se OVI under R.C. 4511.19(A)(1)(d), speeding, and driving without a valid license. The trial court acquitted Bell of OVI under R.C. 4511.19(A)(1)(a). The trial court sentenced Bell to 180 days in jail on the per se OVI charge, suspended 177 days, and imposed three days in the driver's intervention program. The trial court also imposed a $400 fine, six months' community control, and a one-year driving suspension. As to Bell's offenses for speeding and driving without a valid license, the trial court imposed a $50 fine and court costs.

{¶5} Bell appeals.

### *Law and Analysis*

{¶6} In two assignments of error, Bell argues that he received ineffective assistance of trial counsel and that his conviction for driving without a valid license was not supported by sufficient evidence.

### *A. Ineffective Assistance of Counsel*

{¶7} In Bell's first assignment of error, he argues that he received ineffective assistance of counsel because his trial counsel failed to inform him of his right to a jury trial and failed to file a motion to suppress.

{¶8} To prevail on an ineffective assistance claim, the defendant must show

that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense, meaning that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Davis*, 2020-Ohio-309, ¶ 10.

**{¶9}** As to counsel's failure to file a jury demand, the record shows that the day of Bell's scheduled bench trial, defense counsel told the trial court for the first time that Bell wanted a jury trial. As counsel reported to the court, she had not specifically advised Bell of his right to a jury trial because the underlying charges had been dismissed and then refiled. Because the original charges against Bell had been scheduled for a bench trial, counsel had assumed that Bell wanted a bench trial for the current charges too. She was unsure as to whether Bell had ever been advised of his right to demand a jury trial but reported that she did not inform him of his right. Bell sought to continue the matter for a jury trial, but the trial court denied the request since the underlying charges had arisen many months earlier. The matter then proceeded to a bench trial, at which Bell was convicted.

**{¶10}** Given these circumstances, Bell argues that his trial counsel failed to timely inform him of his right to a jury trial. But regardless of whether counsel acted deficiently in failing to advise Bell of his right to a jury, Bell cannot demonstrate that he was prejudiced by this omission. *See State v. Escobar*, 2021-Ohio-4001, ¶ 28 (1st Dist.). After all, the trial court acquitted him of one OVI charge, and there is no indication that he would have fared better before a jury. There is simply no reasonable probability that the outcome of Bell's case would have been different had he tried the matter to a jury rather than the bench. *See State v. Stroud*, 2018-Ohio-904, ¶ 27 (11th Dist.) (cataloging cases finding lack of prejudice when defense counsel fails to file a jury demand).

{¶11} Bell also argues ineffective assistance of counsel based upon his counsel's failure to file a motion to suppress. He identifies two possible bases for suppression: that the officer failed to administer the standard field sobriety tests in substantial compliance with the National Highway Traffic Safety Administration ("NHTSA") manual and that the officer lacked probable cause to arrest Bell for OVI. In order to show ineffective assistance of counsel for failure to file a motion to suppress, the defendant must show that the motion, if made, would have been granted. *State v. Geralds*, 2025-Ohio-2209, ¶ 25 (1st Dist.), quoting *State v. Rosemond*, 2019-Ohio-5356, ¶ 34 (1st Dist.).

{¶12} An officer has probable cause to arrest a suspect for an OVI offense without a warrant where the officer "had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds as recognized in State v. Boczar*, 2007-Ohio-1251. Field sobriety test results can provide evidence of probable cause if the officer administers the tests in substantial compliance with NHTSA standards. *State v. Watterson*, 2024-Ohio-5456, ¶ 33 (1st Dist.); R.C. 4511.19(D)(4)(b).

{¶13} On appeal, Bell argues that his trial counsel should have filed a motion to suppress the officer's observations as to Bell's field sobriety tests. According to Bell, the officer did not perform the field sobriety tests in substantial compliance with NHTSA standards. Bell argues that he told the officer prior to the tests that he had tooth pain and had been taking the pain medication Vicodin. Regarding the HGN test, Bell argues that the officer did not check for resting nystagmus, equal pupil size, and equal tracking prior to conducting the test. Bell also argues that the officer testified

6

that he used the same procedure to check for distinct sustained nystagmus at maximum deviation and the onset of nystagmus prior to 45 degrees. Bell argues that the officer incorrectly demonstrated the walk-and-turn test by walking too fast when turning around and that Bell performed the walk-and-turn test on the edge of an uneven roadway, instead of a hard, flat surface. Bell also argues that the officer asked him to follow a curved line on the roadway instead of a straight line. Bell also argues that the officer did not demonstrate the one-leg-stand or Modified Romberg tests. Without the results of the standard field sobriety tests, Bell argues that insufficient probable cause existed to arrest him for OVI.

{¶14} Bell's argument that he received ineffective assistance of counsel based on his counsel's failure to file a motion to suppress is not well-taken. Because Bell did not file a particularized motion to suppress, the State's burden to show substantial compliance was no more than general and slight. *State v. Richards*, 2016-Ohio-3518, ¶ 8 (1st Dist.). The officer was not required, in the absence of a particularized suppression motion, to explain whether he substantially complied with NHTSA in administering the field sobriety tests. *Id.* Thus, on this record, there is nothing to indicate a lack of compliance and nothing to suggest that Bell's suppression motion would have been successful even if raised.

{¶15} Moreover, even if Bell had been successful in showing that the officer did not substantially comply with the NHTSA standards, the totality of the facts and circumstances support a finding of probable cause to establish that Bell was driving under the influence. As this court has held, "[e]vidence of a minor traffic infraction, the odor of alcohol, and some reasonable indicia of impairment is sufficient to establish probable cause." (Internal quotations omitted.) *State v. Fuqua*, 2022-Ohio-1952, ¶ 21 (1st Dist.). The officer stopped Bell's vehicle after clocking him traveling at

7

44 m.p.h. in a 25 m.p.h. zone. The officer noticed an odor of a "fruity" alcoholic beverage coming from Bell's vehicle, and Bell was sweating and had watery eyes. Bell also did not have a valid driver's license. Finally, and most importantly, Bell admitted to drinking a "half pint" of wine. On these facts, the officer had probable cause to arrest Bell even without the results of the field sobriety tests, and a motion to suppress challenging probable cause would therefore not have been successful.

{¶16} Because Bell has not shown ineffective assistance of counsel on this record, we overrule Bell's first assignment of error.

## B. Sufficiency of the Evidence

{¶17} In his second assignment of error, Bell argues that his conviction for operating a vehicle without a valid license was based on insufficient evidence.

{¶18} In reviewing a challenge to the sufficiency of the evidence, this court considers the evidence in a light most favorable to the prosecution in determining whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶19} The State charged Bell with operating a vehicle without a valid license under R.C. 4510.12. The citation completed by the officer indicated that Bell did not have a license at all, as opposed to having an expired driver's license. If an offender has never held a valid driver's license, the offense is an unclassified misdemeanor. *See* R.C. 4510.12(C)(1). If an offender drives with an expired license, then the offense is a minor misdemeanor. *See* R.C. 4510.12(C)(2).

{¶20} Bell argues that the trial court found he did not have a driver's license on or about his person, which is not what the statute requires. Rather, Bell contends that the State must show that he did not have a valid license. But this is precisely what

the evidence demonstrated at trial. As Bell concedes, the officer testified at trial that Bell did not have a valid license at the time of the offense, and this information was also recorded in the citation. This evidence was sufficient to establish that Bell lacked a valid license.

{¶21} Bell further challenges the absence of law enforcement automated data system reports or copies of records from the registrar of motor vehicles to support the officer's testimony under R.C. 4510.12(B). However, R.C. 4510.12(B) does not require this kind of evidence. Rather, it provides that these government records "*may* be admitted into evidence as prima-facie evidence," not that such evidence *must* be admitted to establish a violation under R.C. 4510.12. Thus, the officer's testimony that Bell did not have a driver's license constitutes sufficient evidence of driving without a valid license under R.C. 4510.12.

{¶22} Because Bell's conviction for driving without a valid license is supported by sufficient evidence, we overrule Bell's second assignment of error.

### *Conclusion*

{¶23} We affirm the trial court's judgments.

Judgments affirmed.

ZAYAS and CROUSE, JJ., concur.