DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The Barberton Municipal Court convicted Georgia Lecorcik of telecommunications harassment following a bench trial. Ms. Lecorcik has argued that her conviction must be reversed because the trial court deprived her of her right to a jury trial. This Court reverses and remands because the trial court had no authority to conduct a bench trial. Ms. Lecorcik had filed a timely jury demand and did not execute a written waiver of her right to a jury trial.
 FACTS {¶ 2} On February 28, 2008, a New Franklin patrolman cited Ms. Lecorcik with one count of telecommunications harassment, a first degree misdemeanor. After the trial court granted several continuances, it set a trial date of July 28, 2008. On July 18, 2008, Ms. Lecorcik filed a demand for a jury trial. Despite Ms. Lecorcik's demand to be tried by a jury, she was *Page 2 
convicted following a bench trial on July 28, 2008. Ms. Lecorcik has appealed, assigning one error.
 RIGHT TO JURY TRIAL {¶ 3} Ms. Lecorcik's assignment of error is that the trial court lacked authority to try her without a jury because she had timely asserted a demand for a jury trial and never waived that right. Ms. Lecorcik was cited with telecommunications harassment under Section 2917.21(A)(5) of the Ohio Revised Code. The citation notes that the offense is a first degree misdemeanor, apparently because Ms. Lecorcik had no prior violations of Section 2917.21(A)(5). See R.C. 2917(C)(2). Although felony defendants have an absolute right to a jury trial, the right to a jury trial in misdemeanor cases may be conditioned upon a written jury demand. City of Cleveland Heights v. Jackson, 8th Dist. No. 82958, 2003-Ohio-6486, ¶ 8.
 {¶ 4} Rule 23(A) of the Ohio Rules of Criminal Procedure more fully explains the conditional right to a jury trial in misdemeanor cases. It provides that, in "petty offense cases, where there is a right of jury trial" a defendant "shall be tried to the court unless he demands a jury trial." Ms. Lecorcik was charged with a first degree misdemeanor, which qualifies as a "petty offense" because the maximum penalty is a period of confinement of 180 days. See R.C. 2929.24(A)(1); Crim. R. 2(C), (D).
 {¶ 5} Ms. Lecorcik also had a "right of jury trial" under Rule 23(A) because a defendant charged with the violation of any state statute has the right to be tried by a jury, unless the violation is a minor misdemeanor or "the potential penalty does not include the possibility of a prison term or jail term and . . . the possible fine does not exceed one thousand dollars." R.C. 2945.17(A), (B). *Page 3 
 {¶ 6} Ms. Lecorcik had a right to a jury trial under Rule 23(A), but was required to file a proper jury demand to assert that right. Rule 23(A) further provides that "[s]uch demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." After a defendant files a timely written jury demand, the trial court lacks authority to conduct a trial without a jury unless it appears in the record that the defendant signed a written waiver of her right to a jury trial and that the waiver complies in form and substance with Section 2945.05 of the Ohio Revised Code. State v. Tate, 59 Ohio St. 2d 50, syllabus (1979).
 {¶ 7} The record reflects that on July 18, 2008, 10 days before the date set for trial, Ms. Lecorcik filed a written jury demand with the clerk of the Barberton Municipal Court. Consequently, unless she withdrew that demand by executing a written waiver that complied with the requirements of Section 2945.05 of the Ohio Revised Code, the trial court was required to try Ms. Lecorcik to a jury. No written waiver of Ms. Lecorcik's right to jury trial appears in the record. Consequently, the trial court had no authority to conduct a bench trial in this case, and the assignment of error is sustained.
 CONCLUSION {¶ 8} Ms. Lecorcik's assignment of error is sustained. The judgment of the Barberton Municipal Court is reversed, and this matter is remanded.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 4 
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
 WHITMORE, J., MOORE, P. J. CONCUR *Page 1