[Cite as *State v. Prues*, 2018-Ohio-4259.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-03-011 |
| | : | O P I N I O N |
| - vs - | | 10/22/2018 |
| | : | |
| JESSICA PRUES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018 CRB 0219

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Jessica Prues, appeals her conviction in the Clermont County Municipal Court. For the reasons detailed below, we affirm.

{¶ 2} Appellant was charged in the Clermont County Municipal Court on one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor, and one count of resisting arrest in violation of R.C. 2921.33, a second-degree misdemeanor.

{¶ 3} Appellant appeared before the magistrate with counsel and entered a not guilty plea. During the hearing, the magistrate discussed appellant's rights, specifically "you have the right to demand a jury trial, if you'd like a jury trial just inform your attorney and they'll advise you of the procedures for doing so." Appellant affirmatively stated that she understood her rights.

{¶ 4} At a hearing to set the case for trial, appellant's attorney requested a bench trial:

> THE COURT: This is State v. Jessica Prues, 2018 CRB 219. [Appellant] is present in the courtroom today with her attorney, Ms. Dalton. The State of Ohio is represented by Mr. Parker. There's a request that this case be set for trial. Ms. Dalton, is she requesting a bench trial?
>
> MS. DALTON: Yes, Your Honor.
>
> * * *
>
> THE COURT: Okay, this asks that I set the case by the 8th of February because you're not waiving time so I will set the case for a bench trial before February 8th. All right, thank you.

{¶ 5} On February 7, 2018, the case was tried to the bench. The trial court found appellant guilty of assault and resisting arrest, but found her not guilty of domestic violence. Appellant was then sentenced to 205 days in jail. Appellant now appeals, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO VERIFY THAT SHE WAS WILLING TO WAIVE HER RIGHT TO A TRIAL BY JURY.

{¶ 7} Appellant contends that the trial court erred when it conducted a bench trial without a written jury trial waiver. We disagree.

{¶ 8} Under the Sixth Amendment to the Constitution of the United States and Section 5, Article I of the Constitution of Ohio, trial by jury in a criminal case is guaranteed.

However, the guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with regard to misdemeanors. *State v. Tate*, 59 Ohio St. 2d 50, 52 (1979).

{¶ 9} Crim.R. 23(A) provides that "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶ 10} It is well-established that where a jury demand is not timely made in a petty offense case, the requirements for the waiver of the jury trial right in R.C. 2945.05 do not apply. *City of Middletown v. Flinchum*, 12th Dist. Butler No. CA99-11-193, 2000 Ohio App. LEXIS 5908, at *18 (Dec. 18, 2000); *State v. Roberts*, 9th Dist. Wayne No. 14AP0035, 2015-Ohio-5044, ¶ 18; *State v. Lecorcik*, 9th Dist. Summit No. 24388, 2009-Ohio-942, ¶ 6 ("[The defendant] had a right to a jury trial under [Crim.R. 23(A)], but was required to file a proper jury demand to assert that right.")

{¶ 11} In this case, appellant was charged with two first-degree misdemeanors and one second-degree misdemeanor. None of the individual offenses subjected her to confinement for more than six months. R.C. 2929.24. As a result, appellant was charged on petty offenses for the purposes of Crim.R. 23(A) and was required to file a written jury demand to preserve her rights. Crim.R. 2(D) (defining "petty offense"). Appellant did not file a written jury demand and therefore, under well-settled law, waived her right to a jury trial.

{¶ 12} On appeal, appellant makes several additional arguments: (1) the trial court abused its discretion by failing to verify that she was waiving her right to a jury trial, (2) the trial court committed plain error by failing to grant a jury trial, (3) a written demand is not necessary to obtain a jury trial, (4) and the court form provides a space for a defendant to waive the right to a jury trial and she did not effect a written waiver. However, as noted

- 3 -

above, Crim.R. 23 provides the appropriate legal standard for requesting a jury trial under these circumstances. Appellant failed to file a timely written jury demand. *See State v. Miyamoto*, 3d Dist. Union No. 14-05-43, 2006-Ohio-1776, ¶ 9 (noting that an oral request for a jury trial is insufficient).

{¶ 13} Finally, although appellant does not raise the issue as a separate assignment of error, she argues that she received ineffective assistance of counsel because her trial counsel failed to verify with her that she was willing to waive her right to a jury trial. However, trial counsel's decision to proceed with a bench trial, rather than requesting a jury trial, is a strategic decision, and is not a meritorious reason for reversal as an ineffective assistance of counsel claim. *City of Cleveland v. Gholston*, 8th Dist. Cuyahoga No. 96592, 2011-Ohio-6164, ¶ 12. Furthermore, appellant's contention that she was unaware of her right to request a jury trial is not only entirely speculative, but also rebutted by the record. As a result, we find appellant's sole assignment of error is without merit and it is hereby overruled.

{¶ 14} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.