[Cite as *State v. Holtman*, 2019-Ohio-3052.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                  :

    Appellee,                               :            CASE NO. CA2018-11-078

    - vs -                                      :            O P I N I O N
                                                      7/29/2019
                                                     :

SETH M. HOLTMAN,                                :

    Appellant.                              :


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018 CRB 4450


D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Seth M. Holtman, appeals from his misdemeanor conviction in the Clermont County Municipal Court for aggravated menacing. For the reasons set forth below, we affirm appellant's conviction and sentence.

{¶ 2} Appellant was charged with one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree. The charge arose out of allegations that

on September 14, 2018, appellant pointed a firearm at his girlfriend's mother, Heather Johnson, causing Johnson to believe appellant would cause her serious physical harm.

{¶ 3}  Appellant appeared before a magistrate with counsel and entered a not guilty plea.  During the hearing, the magistrate discussed appellant's rights with him.  The magistrate advised appellant, in relevant part, that he had "the right to a trial by jury.  If you want a jury trial its required that you first file a timely jury demand."  Appellant indicated that he understood his rights.

{¶ 4}  No demand for a jury trial was filed by appellant and a bench trial was held on October 5, 2018.  The state presented testimony from Johnson and from the investigating officer, Greg McAllister.  Johnson testified that on September 14, 2018, she went to a mobile home park in Goshen Township, Clermont County, Ohio to pick up her daughter, Elizabeth, so that she could take Elizabeth to work.  When Johnson was picking up Elizabeth, appellant came outside the residence with a pistol in his waistband.  Appellant removed the pistol from his waistband and set it upon a railing.  Johnson commented on the weapon and appellant picked the gun up and pointed it at Johnson as she was sitting in her car.

{¶ 5}  Johnson stated that she knew appellant owned firearms because he had previously talked about his guns and the weapon he was pointing at her "looked real." Johnson testified appellant's actions caused her to fear that appellant would shoot her. Because she was not sure what appellant was going to do, she wanted to "get out of there as quick as [she] could."  After leaving the mobile home park, Johnson called the police to report appellant's conduct.

{¶ 6}  Officer McAllister testified that he investigated Johnson's complaint and, during the course of his investigation, he spoke with Johnson, Elizabeth, the passenger who accompanied Johnson to pick up Elizabeth, and appellant.  McAllister also collected the weapon appellant had brandished.  McAllister testified the weapon had the appearance of a

real firearm but was, in fact, just a pellet gun altered to look like a real gun. The weapon, a "replica of [the] 1911, which is a long fame gun," had the orange tip blackened out with marker or paint to make it look more realistic.

{¶ 7} When McAllister spoke to appellant, appellant admitted he had the gun on him at the time of the incident with Johnson. However, appellant denied he pointed the gun at Johnson or her passenger. Appellant told McAllister he had pulled a knife on Johnson's passenger and told the passenger, "You're gonna stick yourself."

{¶ 8} Following the state's presentation of its case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. The trial court denied his motion, and appellant presented testimony from his girlfriend in support of his defense. Elizabeth testified that appellant had the gun in his pants and he laid it down on a railing during the incident with Johnson. Elizbeth stated she "did not see" appellant point the gun at Johnson or make any kind of threat towards Johnson. On cross-examination, Elizabeth indicated she did not recall telling Officer McAllister that she had her back turned for a portion of the incident.

{¶ 9} After considering the foregoing testimony, the trial court found appellant guilty of aggravated menacing and sentenced him to 170 days in jail. After the court announced its sentence and advised appellant of his right to appeal, appellant indicated, for the first time, that he had desired a jury trial on the charge. The court, after questioning appellant's counsel, noted that appellant had not filed a jury demand. The court therefore denied appellant's request and adjourned the proceeding.

{¶ 10} Appellant timely appealed, raising three assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING HIM GUILTY OF AGGRAVATED MENACING.

{¶ 13} In his first assignment of error, appellant argues his conviction for aggravated

menacing was not supported by sufficient evidence and was against the manifest weight of the evidence.[1] Appellant also argues that his trial counsel was ineffective for failing to object to hearsay testimony and the prosecutor's use of compound and leading questions. We will begin by addressing appellant's ineffective assistance of counsel arguments.

{¶ 14} In order to prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 15} Appellant argues counsel was ineffective for failing to object to alleged hearsay evidence offered at trial. Specifically, appellant argues his trial counsel was deficient for not objecting to Johnson's testimony that "My daughter, she called me and she said, 'Mom, can you come pick me up?'" Appellant also contends counsel should have objected to the following testimony by Officer McAllister:

> I collected that [Johnson] had went to [appellant's] acquaintance's house in Lakeshore to pick up her daughter, Elizabeth, for work, when she pulled into the driveway she said that she had fears of [appellant] so she took a mutual friend between her and her daughter which was [the passenger] along with her so there would be no issues, she said that they waited in the driveway and Elizabeth emerged out of the house and

---

1. In addition to challenging the sufficiency of the evidence presented at trial, appellant argues in his brief that "[i]t was an abuse of discretion for the trial court to find that [he] had committed the act of aggravated menacing." We construe appellant's "abuse of discretion" argument as a challenge to the manifest weight of the evidence.

following Elizabeth was Seth Holtman, the defendant, in his waistband he had a black pistol, he was cursing at [Johnson] and [the passenger] was waiting in the car, he took the gun out of his waistband, he placed it on the railing of the porch, continued cursing them. [Johnson] had the window down and she told me that she had told him in a joking manner, "You better put that toy away." I believe, he in return said, "Oh, you can bet it is real," and pointed the pistol at her.

{¶ 16} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Pursuant to Evid.R. 802, hearsay is not admissible unless the statement falls under some exception to the hearsay rule. *State v. Shouse*, 12th Dist. Brown No. CA2013-11-014, 2014-Ohio-4620, ¶ 21.

{¶ 17} We find that trial counsel was not deficient for not objecting to the foregoing statements by Johnson or Officer McAllister. Johnson's statement was not offered for the truth of the matter asserted, but merely used to explain why she was at the mobile home park. *See State v. Villani*, 12th Dist. Butler No. CA2018-04-080, 2019-Ohio-1831, ¶ 24.

{¶ 18} Similarly, the majority of the above-quoted testimony by McAllister was offered for the nonhearsay purpose of explaining his investigatory steps. *See State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 172 ("Law-enforcement officers may testify to out-of-court statements for the nonhearsay purpose of explaining the next investigatory step"). McAllister's testimony occurred in response to a question about his investigation into Johnson's complaint. To the extent that McAllister's testimony went beyond explaining the next step in his investigation and impermissibly "connect[ed] the accused with the crime charged," we find that trial counsel's failure to object to the hearsay statements was not prejudicial to appellant's right to a fair trial as it was duplicative of testimony provided by Johnson and Elizabeth. *See id.* at ¶ 176; *State v. Spirko*, 59 Ohio St.3d 1, 33 (1991). Johnson and Elizabeth provided testimony establishing that Johnson went to the residence to

pick up Elizabeth, Johnson took a passenger with her, appellant had a gun in his waistband, appellant removed the gun from his waistband and placed on the railing, and appellant pointed the weapon at Johnson after Johnson commented on the gun. Given this evidence, we find there is no reasonable probability that McAllister's hearsay testimony might have contributed to appellant's conviction, and thus, no substantial right of appellant was affected by the admission of the hearsay testimony. *See State v. Trammell*, 12th Dist. Butler Nos. CA2016-11-220 thru CA2016-11-222, 2017-Ohio-8198, ¶ 21.

{¶ 19} Appellant also contends his trial counsel was ineffective for allowing the prosecutor to ask compound and leading questions. Specifically, appellant contends his counsel should have objected to the prosecutor's questioning of McAllister as follows, "So while this incident was going on and [appellant] admitted to threatening someone else with a knife, if I'm understanding your testimony correctly, he indicated that the gun that you collected was present during this offense?" Appellant believes counsel should have also objected when the prosecutor asked Johnson, "Now, when [appellant] had this weapon out, placing it on the banister and pointing it in your direction, did you believe it to be an authentic firearm?"

{¶ 20} As we have previously recognized, "[w]hile Evid.R. 611(C) limits the use of leading questions during direct examination, there is no absolute prohibition to these types of questions. It is within the discretion of the trial court to allow leading questions on direct examination." *Villani*, 2019-Ohio-1831 at ¶ 19. *See also State v. Baird*, 12th Dist. Madison No. CA2003-09-034, 2004-Ohio-6664, ¶ 40. A trial court may, for example, allow leading questions on direct examination if the question is used to review previously elicited answers. *Villani* at ¶ 19, citing *State v. Thomas*, 12th Dist. Warren No. CA2010-10-099, 2012-Ohio-2430, ¶ 50. Furthermore, trial counsel is not ineffective for choosing, for tactical reasons, not to pursue every possible objection at trial. *State v. Steele*, 12th Dist. Butler No. CA2003-11-

276, 2005-Ohio-943, ¶ 100.

{¶ 21} We find that trial counsel was not deficient for choosing not to object to these questions. The question the prosecutor posed to Johnson was not intended to suggest a specific answer the prosecutor hoped to elicit. Rather, the question summarized the witness' prior testimony and directed the witness to the topic on which the prosecutor was asking about, mainly whether Johnson believed the weapon pointed at her was a real firearm. *See, e.g., State v. Penwell*, 12th Dist. Fayette No. CA2010-08-019, 2011-Ohio-2100, ¶ 23-37. Furthermore, the above-quoted question the prosecutor posed to McAllister summarized McAllister's prior testimony that appellant had admitted he "did have the gun on him, * * * [and] that he carries it around and shoots it all day long" and sought clarification that appellant had the gun "present during [the] offense" that occurred with Johnson. The question was not a compound, leading question and trial counsel was not deficient for not objecting to it. Moreover, even if the questions were leading questions, appellant cannot establish that any prejudice resulted from the manner in which the prosecutor asked these two questions.

{¶ 22} Accordingly, we conclude that trial counsel's failure to object to the alleged leading questions posed by the prosecutor or the alleged hearsay statements made by Johnson and McAllister were not prejudicial and did not deny appellant of a fair trial. Appellant's ineffective assistance of counsel arguments are without merit.

{¶ 23} We turn now to appellant's manifest weight of the evidence arguments. Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the

defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 24} On the other hand, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. An appellate court will overturn a conviction due to the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 25} Further, although the legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶ 26} Appellant was convicted of aggravated menacing in violation of R.C. 2903.21(A), which provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person * * *." Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of purpose, when the

person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

{¶ 27} Serious physical harm is defined by R.C. 2901.01(A)(5) as,

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;
>
> (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
>
> (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
>
> (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 28} "To be convicted of aggravated menacing, the state is not required 'to prove that the offender is able to carry out the threat or even that the offender intended to carry out the threat.'" *State v. Lytle*, 12th Dist. Butler No. CA2018-04-077, 2018-Ohio-5046, ¶ 16, quoting *State v. Russell*, 12th Dist. Warren Nos. CA2011-06-058 and CA2011-09-097, 2012-Ohio-1127, ¶ 12.

{¶ 29} After reviewing the record, weighing inferences and examining the credibility of the witnesses, we find that appellant's conviction for aggravated menacing was supported by sufficient evidence and was not against the weight of the evidence. The state presented testimony and evidence from which the trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. The state presented evidence that appellant's actions knowingly caused Johnson to believe appellant would cause her serious physical harm. Appellant pointed a realistic-looking firearm at Johnson. Johnson testified that she knew from prior interactions with appellant that he owned guns and that she

"absolutely" feared appellant would shoot her when he pointed a firearm at her on September 14, 2018. Appellant's actions caused Johnson such fear for her safety that she left the mobile home park "as quick as [she] could" before calling the police to report appellant's conduct.

{¶ 30} When speaking to Officer McAllister, appellant denied pointing a gun at Johnson and appellant's girlfriend testified that she did not witness appellant point the gun at Johnson. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. When there is a conflict in the testimony of witnesses, it is for the trier of fact to determine the weight and credibility to be given to such evidence. *State v. Marcum*, 12th Dist. Butler No. CA2017-05-057, 2018-Ohio-1009, ¶ 31, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Here, the trial court clearly found Johnson's testimony more credible, stating, "I thought [Johnson] was a very credible witness, she testified genuinely to the fear that she felt and I believed her when she testified. I did not find the daughter [Elizabeth] to be as credible, I thought there were some credibility issues with her testimony."

{¶ 31} Accordingly, having thoroughly reviewed the record in the present case, we find that the trial court did not lose its way and create such a manifest miscarriage of justice that appellant's conviction for aggravated menacing must be reversed. Appellant's conviction was not against the manifest weight of the evidence and was, therefore, necessarily supported by sufficient evidence. *See Jones*, 2013-Ohio-150 at ¶ 19.

{¶ 32} As appellant was not denied effective assistance of counsel and his convictions were supported by sufficient evidence and the manifest weight of the evidence, his first assignment of error is overruled.

{¶ 33} Assignment of Error No. 2:

- 10 -

{¶ 34} THE TRIAL COURT ERRED IN IMPOSING A FULL SENTENCE OF ONE-HUNDRED AND SEVENTY DAYS.

{¶ 35} In his second assignment of error, appellant contends the trial court erred by sentencing him to 170 days in jail. Appellant has failed, however, to set forth the "reasons in support of [his] contentions, with citations to the authorities, statutes, and parts of the record on which [he] relies," as required by App.R. 16(A)(7). An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). *See also State v. Bell*, 12th Dist. Clermont No. CA2008-05-044, 2009-Ohio-2335, ¶ 32 (recognizing that a court may "overrule or disregard an assignment of error because of 'the lack of briefing' on the assignment of error"). The duty is on the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error. *Trammell*, 2017-Ohio-8198 at ¶ 29. As appellant's brief does not comply with App.R. 12(A)(2) and 16(A)(7), we disregard his second assignment of error. *See State v. Patrick*, Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 41.

{¶ 36} Assignment of Error No. 3:

{¶ 37} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO GRANT HIM A TRIAL BY JURY.

{¶ 38} In his third assignment of error, appellant contends the trial court abused its discretion and committed plain error when it held a bench trial without obtaining a written waiver of appellant's right to a jury trial. Appellant further contends his trial counsel was ineffective for failing to file a jury demand on his behalf.

{¶ 39} Under the Sixth Amendment to the Constitution of the United States and Section 5, Article I of the Constitution of Ohio, trial by jury in a criminal case is guaranteed. "However, the guarantee of a jury trial in criminal cases contained in the state and federal

Constitutions is not an absolute and unrestricted right in Ohio with regard to misdemeanors." *State v. Prues*, 12th Dist. Clermont No. CA2018-03-011, 2018-Ohio-4259, ¶ 8, citing *State v. v. Tate*, 59 Ohio St.2d 50, 52 (1979).

{¶ 40} Crim.R. 23(A) provides that "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶ 41} A petty offense is defined as a "misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Appellant was charged with aggravated menacing, a misdemeanor of the first degree. A first-degree misdemeanor carries a maximum definite jail term of "not more than one hundred eighty days." R.C. 2929.24(A)(1). As the maximum amount of jail time appellant faced was no more than 180 days, his offense was a petty offense. Appellant was therefore required to file a written jury demand to preserve his right to a jury trial. Crim.R. 23(A). As no written jury demand was filed in the case, appellant waived his right to a jury trial. *Prues* at ¶ 10-11. *See also Middletown v. Flinchum*, 12th Dist. Butler No. CA99-11-193, 2000 Ohio App. LEXIS 5908, *18 (Dec. 18, 2000) (recognizing that where a jury demand is not timely made in a petty-offense case, the requirements for the waiver of a jury trial right set forth in R.C. 2945.05 do not apply).

{¶ 42} Further, contrary to appellant's assertions, the trial court was not required to obtain a written waiver of appellant's right to a jury trial. *See* Crim.R. 23(A). As appellant had been charged with a petty offense, he was required to demand a jury trial before a written and filed waiver on that charge was necessary. *Flinchum* at *18. The court's standard judgment entry form, entitled Judgment Entry Finding Defendant Guilty and Imposing

Sentence, sets forth a provision that is consistent with appellant's rights under Crim.R. 23(A). The form provides, in relevant part, as follows:

**WAIVER OF JURY TRIAL**

Having heretofore had my rights to a jury trial explained to me by the court, and being charged with a serious offense or having filed a Demand for a Jury Trial, I herewith knowingly, intelligently, and voluntarily waive in open Court and in writing my right to a jury trial in accordance with the provisions of Rule 23 of the Ohio Rules of Criminal Procedure.

As appellant was not charged with a serious offense and he failed to file a demand for a jury trial, the court was not required to obtain appellant's signature on the form or otherwise obtain a written waiver of the right to a jury trial before holding a bench trial.

{¶ 43} Appellant also contends that his trial counsel provided ineffective assistance by failing to follow his wishes and file a demand for a jury trial. As set forth above, to prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland*, 466 U.S. at 687-688.

{¶ 44} The record reveals that after the bench trial was held, appellant found guilty, and his sentence announced, appellant complained that he was not given a right to a jury trial. He stated, "Well, my understanding was I had the option for a jury trial or a bench trial and I did not get that option." After the court explained that appellant had failed to file a jury demand, appellant stated, "I did ask for a jury trial, I asked * * * I asked [counsel] to do it."

{¶ 45} We find no merit to appellant's ineffective assistance of counsel claim. Appellant has failed to satisfy either prong of the *Strickland* test. As we have previously recognized, "trial counsel's decision to proceed with a bench trial, rather than requesting a jury trial, is a strategic decision, and is not a meritorious reason for reversal as an ineffective assistance of counsel claim." *Prues*, 2018-Ohio-4259 at ¶ 13. *See also State v. Stroud*, 11th

Dist. Ashtabula No. 2017-A-0028, 2018-Ohio-904, ¶ 26.

{¶ 46} Furthermore, assuming, arguendo, that the failure to file a jury demand in the present case was the result of professional negligence, appellant has not demonstrated prejudice as a result thereof, thereby precluding a finding of ineffective assistance. *Id.* at ¶ 27. *See also Akron v. Fitzgerald*, 9th Dist. Summit No. 22381, 2005-Ohio-2411, ¶ 13 (holding that "merely argu[ing] that he could have had a jury trial had his counsel filed a demand notice * * * fails to establish prejudice"); *Cleveland v. Hopkins*, 8th Dist. Cuyahoga Nos. 97600 and 97601, 2012-Ohio-5170, ¶ 14 (finding no merit to an ineffective assistance of counsel claim where the defendant failed to "demonstrate how the decision to have a bench trial resulted in prejudice to him"). Appellant has merely argued he should have had a jury trial; he has not shown how the failure to file a jury demand was prejudicial.

{¶ 47} Additionally, we note that if appellant had wished to object to a bench trial being held, he should have done so at the beginning of trial, rather than waiting until he was convicted and sentenced. Prior to trial commencing on October 5, 2018, the court indicated that "the charge of aggravated menacing, *that matter is set for trial here today to the Court.*" (Emphasis added.) The court then inquired if the prosecutor and defense counsel were prepared and ready to go forward with trial and both answered affirmatively. If appellant wished to be tried by a jury rather than the court, appellant should have raised the issue then.

{¶ 48} Accordingly, for the reasons stated above, we find no merit to appellant's ineffective assistance of counsel claim and conclude that the trial court did not err in holding a bench trial without obtaining a written jury trial waiver. Appellant's third assignment of error is overruled.

{¶ 49} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.