[Cite as *State v. Kapitula*, 2020-Ohio-6664.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-03-010 |
| Appellee, | : | O P I N I O N<br>12/14/2020 |
| | : | |
| - vs - | : | |
| | : | |
| SERGEY A. KAPITULA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2019-TRC-17975

D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Michael J. Davis, P.O. Box 1025, 8567 Mason-Montgomery Road, #33, Mason, Ohio 45040, for appellant

**M. POWELL, P.J.**

{¶1} Appellant, Sergey A. Kapitula, appeals from his convictions in the Clermont County Municipal Court for operating a vehicle while under the influence of alcohol or drug of abuse ("OVI") and driving under an OVI license suspension. For the reasons discussed below, we affirm appellant's convictions.

{¶2} In December 2019, appellant was charged with two counts of OVI, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2), as well as one count of driving under an OVI license suspension in violation of R.C. 4510.14(A). Appellant pled not guilty and the matter proceeded to a jury trial in February 2020. At the trial, the prosecutor called four witnesses to testify, two loss-prevention employees from Jungle Jim's supermarket who initially encountered appellant on the day of the offenses, and the two responding police officers from the Union Township police department.

{¶3} The first loss-prevention employee, Jeremy Whiting, testified that he got a call from a clerk working the liquor store counter regarding an inebriated man attempting to purchase alcohol. Whiting and his loss-prevention coworker, Terry Askin, made their way to that part of the store. Whiting testified that he saw appellant select a bottle of liquor, go to the cash register, and the clerk refuse appellant service. At that point, Whiting approached appellant to ask him to leave the store. Whiting engaged in a short conversation with appellant. During this conversation, Whiting noticed appellant speak in a slurred and incoherent manner. Whiting also observed that appellant stumbled several times, had trouble maintaining his balance as he walked, had a flushed face, and had a strong odor of an alcohol beverage about him. In compliance with Whiting's request, appellant exited the store and began walking away. To avoid escalation of the situation, Whiting testified that he decided to disengage from appellant and return to the security office to review surveillance footage. Nevertheless, Whiting requested that Askin follow and observe appellant from a distance.

{¶4} Askin testified that he saw the interaction between Whiting and appellant. While Askin was keeping his distance to remain inconspicuous, he could hear appellant slurring his words and saw appellant walk in an unsteady manner. Askin then followed appellant away from the liquor store and then throughout the rest of the supermarket.

- 2 -

Eventually, Askin watched appellant leave through the main entrance to the store in the front of the building. Appellant walked along the outside perimeter of Jungle Jim's towards the back of the store and the rear parking lot where appellant's car was parked. Due to the circuitous route appellant took, Askin explained that it appeared appellant had forgotten where he parked his car. When appellant finally got to his car, Askin saw appellant get into the driver's seat and slump down over the steering wheel. After relaying this information to Whiting, Whiting called the police.

{¶5} Two Union Township police officers, Officers Perkins and Torok, responded to the store. The police officers found appellant sitting in the vehicle's driver's seat still slumped over the steering wheel. Officer Perkins opened the vehicle door to speak with appellant but found it difficult to wake him. When Officer Perkins was finally able to rouse appellant, he observed that appellant's speech was unintelligible, and appellant was incapable of answering basic questions. The police officers decided to remove appellant from his vehicle. While getting out, appellant fell to his knees and both of the police officers had to grab appellant to stand him up. During the rest of the encounter the police officers had to hold up appellant or appellant had to steady himself against his vehicle to maintain his balance. Both police officers testified that in addition to the speech and balance issues, appellant appeared lethargic and smelled strongly of an alcoholic beverage. Officer Torok testified that due to appellant's physical state, it would have been unsafe to administer any standardized field sobriety tests and it appeared appellant would not have been able to understand the testing instructions. Officer Torok then arrested appellant and brought him to the police station for processing. At the station, appellant refused to submit to a chemical breath test after being advised of the consequences for refusal.

{¶6} In addition to the witnesses' testimony, the prosecutor submitted as evidence a video recording from the supermarket's exterior surveillance camera. This video recorded

appellant's actions in the parking lot that evening from the time appellant's vehicle arrived in the parking lot to his subsequent arrest.  The state also had admitted into evidence the BMV form 2255 read to appellant before his refusal to take the chemical breath test and a copy of appellant's driving record.

{¶7}    At the conclusion of the trial, the jury found appellant guilty as charged.  The trial court merged the two OVI offenses for sentencing purposes.  The prosecutor elected to proceed on the OVI offense in violation of R.C. 4511.19(A)(2).  For that offense, the trial court sentenced appellant to 365 days in jail, a 12-year driving license suspension, and an $850 fine.  For the driving under OVI license suspension offense, the trial court sentenced appellant to 175 days in jail, a one-year driving license suspension, and a $250 fine.  The trial court ordered the jail sentences to run consecutively.[1]

{¶8}    Appellant now appeals raising three assignments of error for review.

{¶9}    Assignment of Error No. 1:

{¶10}   THE OPERATING A VEHICLE UNDER THE INFLUENCE AND THE DRIVING UNDER SUSPENSION CONVICTIONS MUST BE REVERSED BECAUSE THEY WERE OBTAINED THROUGH INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶11}   In his first assignment of error, appellant argues that his trial counsel provided ineffective assistance because counsel failed to object to inadmissible evidence such as "opinion," "speculation," and hearsay testimony offered by each of the state's witnesses. Appellant further contends that his trial counsel provided constitutionally infirm representation by not cross-examining Officer Perkins.

---

1.  These sentences occurred after a second sentencing hearing.  After imposing the initial sentences, the trial court recognized that it made a calculation error for the jail terms.  Consequently, the trial court vacated appellant's initial sentences and held the second sentencing hearing.

{¶12} To prevail on an ineffective assistance of counsel claim, appellant must establish (1) deficient performance by trial counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice, that is, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 16, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984) and *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. The failure to demonstrate either prong is fatal to an ineffective assistance of counsel claim. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 54. In considering an ineffective assistance claim, an "appellate court must give wide deference to the strategic and tactical choices made by trial counsel in determining whether counsel's performance was constitutionally ineffective." *State v. McLaughlin*, 12th Dist. Clinton No. CA2019-02-002, 2020-Ohio-969, ¶ 54.

{¶13} Before addressing the merits of this assigned error, we must first address appellant's lack of briefing on this issue. Pursuant to App. R. 16(A)(7), appellant was required to include in his brief an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant has cited to pages in the trial transcript as support for his claim of ineffective assistance, yet, he has not specified the portions of the testimony demonstrating that counsel was ineffective in failing to object and cross-examine and has not cited to any authority to demonstrate how portions of the witnesses' testimonies could be considered inadmissible. Pursuant to App.R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the

assignment separately in the brief, as required under App.R. 16(A)." *See e.g. State v. Metcalf*, 12th Dist. Butler No. CA2010-12-326, 2012-Ohio-674, ¶ 36; *State v. Watson*, 126 Ohio App.3d 316, 322 (12th Dist.1998). Nonetheless, appellee did not contest appellant's lack of briefing, therefore, in the interest of justice we will analyze appellant's assigned error on the merits.

{¶14} Turning to the merits of the assigned error, appellant has failed to establish that his trial's counsel performance fell below an objective standard of reasonable representation. After review of the record, none of the testimony cited by appellant was improperly admitted.[2] Regarding the "opinion" testimony, the statements offered by the witnesses were not impermissible lay opinion. Appellant's transcript page references include witness testimony describing appellant's physical state as "intoxicated" or "noticeably impaired." Presumably, appellant is arguing that it was inadmissible for lay witnesses to give an opinion on his level of intoxication. However, a witness needs no special qualifications to testify as to whether an individual appears intoxicated. *Columbus v. Mullins*, 162 Ohio St. 419, 421 (1954); *accord State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 12. This is because when an individual describes another person as intoxicated that individual is expressing it as a fact, not an expert opinion. *Mullins* at 422; *accord Hamilton v. Crowe*, 12th Dist. Butler No. CA92-05-081, 1992 Ohio App. LEXIS 5660, *6-8 (Nov. 9, 1992). Therefore, the witnesses' description of appellant as appearing intoxicated was permissible testimony. It is not deficient performance where trial counsel refuses to raise a meritless issue. *State v. Minton*, 12th Dist. Warren No. CA2017-08-132, 2018-Ohio-2142, ¶ 38.

{¶15} Presumably, the "speculation" testimony, of which appellant complains relates

---

2. Because appellant has not identified the testimony he claims to be inadmissible hearsay, opinion, and speculation, we will address the testimony which the state surmised as the subject of this assignment of error.

to Whiting's testimony that appellant did not purchase or consume alcohol at Jungle Jim's; Officer Perkins' and Officer Torok's testimony that they believed the substance intoxicating appellant was alcohol; and Officer Torok's testimony that he did not perform any standardized field sobriety tests because appellant would not be able to understand the instructions and appellant could not safely perform the tests. "Speculative testimony is any testimony given by a witness which is not based upon the personal knowledge of such witness or facts in evidence." *State v. McCaleb*, 11th Dist. Lake No. 2002-L-157, 2004-Ohio-5940, ¶ 39. Pursuant to Evid. R. 602 a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." None of the instances constituted speculation testimony. In each of the instances, the witnesses testified as to their personal knowledge of the incident and the information that formed the basis of their statements. For instance, Whiting testified that he knew appellant did not purchase or consume alcohol at the store because he immediately went to make personal contact with appellant after receiving the call from the liquor store. From that point, he saw the clerk refuse appellant service and had appellant followed by his coworker throughout the rest of the store. Whiting testified that based on his review of the security camera footage, there could have only been a period of 20 to 25 seconds from the time appellant left his vehicle to the time he entered the store and came under Whiting's personal observation. At no point did Whiting see appellant purchase or consume alcohol. As for the other instances, the police officers concluded that alcohol was the impairing substance based of the strong odor of an alcoholic beverage emanating from appellant. Therefore, their testimony was within their personal knowledge because it was based on their perception of smell. Finally, Officer Torok's testimony regarding the appropriateness of conducting any standardized field sobriety tests was based on the various factors he perceived throughout his investigation, such as appellant's difficulty

standing and his inability to answer basic questions. In conclusion, none of the testimony constituted inadmissible speculation because it was based on the witnesses' personal knowledge of the incident.

{¶16} With respect to the alleged hearsay, appellant cites to the page that contains a statement by Whiting that he knew appellant did not purchase alcohol at Jungle Jim's because Askin "said that he didn't." This statement occurred while the two men were communicating over the phone with each other during the incident. As defined by Evid. R. 801(C), "'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible unless it falls under one of several enumerated exceptions. Evid. R. 802; *State v. Holtman*, 12th Dist. Clermont No. CA2018-11-078, 2019-Ohio-3052, ¶ 16. One such exception is the present sense impression pursuant to Evid. R. 803(1). A present sense impression is a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid. R. 803(1). Here, the alleged hearsay falls within the present sense impression exception because Askin was communicating his observations of appellant over the phone to Whiting as it occurred. *See e.g. State v. Jones*, 12th Dist. Butler No. CA2012-04-077, 2013-Ohio-654, ¶ 59 (statements considered present sense impression where they described or explained an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter). Again, it was not deficient for appellant's attorney to fail to raise a meritless objection. *Minton*, 2018-Ohio-2142 at ¶ 38. Furthermore, any error in the admission of this testimony would be harmless error, as Askin, the declarant of the statement, testified and was subject to cross-examination. *See State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 30.

{¶17} Finally, appellant argues that his trial counsel provided ineffective assistance by failing to cross-examine Officer Perkins. The Ohio Supreme Court has explained that "'[t]rial counsel need not cross-examine every witness; indeed, doing so can backfire. * * * The strategic decision not to cross-examine witnesses is firmly committed to trial counsel's judgment.'" *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 185, quoting *State v. Otte*, 74 Ohio St.3d 555, 565 (1996). Appellant has not established how his trial counsel's decision not to cross-examine this police officer was unreasonable and prejudicial. Based on our review, we do not find that appellant's trial counsel provided ineffective assistance by not cross-examining.

{¶18} Accordingly, appellant's first assignment of error is overruled.

{¶19} Assignment of Error No. 2:

{¶20} THE STATE'S EVIDENCE WAS INSUFFICIENT TO SATISFY ITS BURDEN TO PROVE EACH AND EVERY ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT.

{¶21} Assignment of Error No. 3:

{¶22} APPELLANT'S CONVICTION OF OPERATING A VEHICLE UNDER THE INFLUENCE AND THE DRIVING UNDER SUSPENSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶23} In his second assignment of error, appellant argues that the evidence was insufficient to convict him of OVI because the state failed to prove that appellant operated a vehicle while impaired. In his third assignment of error, appellant argues that his conviction for OVI and driving under an OVI license suspension was against the manifest weight of the evidence.

{¶24} The test for sufficiency requires the appellate court determine whether the state met its burden of production at trial. *State v. Boles*, 12th Dist. Brown No. CA2012-06-

012, 2013-Ohio-5202, ¶ 34. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Wayman*, 12th Dist. Clermont Nos. CA2018-06-045 and CA2018-06-046, 2019-Ohio-1194, ¶ 14, citing *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶25} On the other hand, a manifest weight of the evidence challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other. *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 22. In evaluating whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Hennessey*, 12th Dist. Clermont No. CA2020-01-002, 2020-Ohio-5232, ¶ 9, citing *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168. An appellate court will overturn a conviction for being against the manifest weight of the evidence only in the extraordinary circumstance where the evidence presented at trial weighs heavily in favor of acquittal. *State v. Ruth*, 12th Dist. Fayette No. CA2019-08-018, 2020-Ohio-4506, ¶ 25.

{¶26} The jury found appellant guilty of OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2) and of driving under an OVI license suspension in violation of R.C. 4510.14(A). Pursuant to R.C. 4511.19(A)(1)(a),

> [n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

> (a)The person is under the influence of alcohol, a drug of abuse,

or a combination of them.

Similarly, R.C. 4511.19(A)(2) provides that

> [n]o person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:
>
>> (a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;
>>
>> (b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

Finally, R.C. 4510.14(A) provides that

> [n]o person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

"Operate" has been defined by statute. As this court has recently explained,

> [p]ursuant to R.C. 4511.01(HHH), the term "operate" means "to cause or have caused movement of a vehicle, streetcar, or trackless trolley." The statute "employs both the present tense ('to cause') and the past tense (to 'have caused') in relation to the movement of a vehicle. The past tense indicates an action already completed." *State v. Anderson*, 1st Dist. Hamilton No. C-160920, 2017-Ohio-8641, ¶ 16. "[T]o 'have caused' movement of a vehicle is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence." *State v. Halpin*, 2d Dist. Clark No. 07CA78, 2008-Ohio-4136, ¶ 24, citing *State v. Jenks*, 61 Ohio St.3d 259 (1991).

- 11 -

> The definition of "operate" under R.C. 4511.01(HHH) requires "actual movement" of a vehicle and not merely "potential movement." *State v. Burnett*, 2d Dist. Clark No. 2017-CA-44, 2018-Ohio-109, ¶ 16. The statute therefore eliminates from consideration "drunk radio listeners, or people who use their cars as a four-wheeled, heated hotel room" from being convicted of operating a vehicle while under the influence of alcohol or drugs. *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448, ¶ 19. "[A] person who is found passed out in his vehicle on the side of the highway" may be convicted of operating a vehicle while under the influence of alcohol or drugs "because the jury could infer that the vehicle was moved to that location." *Id.* at ¶ 25.

*Wayman*, 2019-Ohio-1194 at ¶ 18-19.

{¶27} After review of the record, the prosecution presented sufficient evidence to prove that appellant engaged in "actual movement" of the vehicle while impaired. There was a video recording of appellant driving his vehicle into Jungle Jim's parking lot, coming to a stop in the fire lane of the building, and then getting out of the vehicle. The video reveals that after parking the vehicle as he did, it took around 20 seconds for appellant to open his door and then another minute and a half for appellant to finally get out of the vehicle. After exiting his vehicle, appellant can be seen walking towards the Jungle Jim's liquor store side entrance. Whiting testified that he personally contacted appellant shortly after appellant exited his car and, at that initial contact, Whiting observed that appellant was appreciably intoxicated. Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the element of operation while impaired was proven beyond a reasonable doubt. Accordingly, appellant's second assignment of error is overruled.

{¶28} Turning to appellant's third assignment of error, we likewise find that the jury did not clearly lose its way finding appellant guilty of the two OVI offenses and driving under an OVI license suspension. As discussed above, the prosecution presented video evidence of appellant operating his vehicle. Whiting testified that based on his review of the

surveillance video, the span of time that appellant was "unobserved" was only 20 to 25 seconds. Whiting personally observed appellant inside the store shortly after appellant left his vehicle. At the time Whiting initially saw appellant, he could tell that appellant was intoxicated because of the way appellant staggered and stumbled while he walked. When Whiting got closer to appellant, he bolstered his belief that appellant was intoxicated because he could smell a strong odor of liquor and appellant's speech was slurred and relatively incoherent. Askin's testimony corroborated Whiting's description of appellant's physical condition. Whiting further testified that he did not see appellant consume any alcohol while at the store.

{¶29} The police officers each testified that they observed several indicia of alcohol impairment, such as slurred speech and balance issues. Officer Perkins testified that he initially had difficulty getting appellant's attention because of appellant's reduced state of consciousness. When Officer Perkins finally roused appellant, appellant spoke in a mostly incoherent manner. Both police officers characterized the odor of an alcoholic beverage emanating from appellant as "strong." During the investigation, Officer Torok noticed that appellant had such difficulty standing and comprehending basic instruction that he believed it would be inappropriate to administer any standardized field sobriety tests to appellant. Moreover, after the arrest, appellant admitted to Officer Torok that he had consumed "Jack Daniel's" earlier in the evening.

{¶30} Finally, Officer Torok testified that he asked appellant to submit to a chemical breath test and advised appellant of the consequences of refusal by reading the BMV form 2255. Appellant refused the chemical breath test. Appellant stipulated at trial that he had a prior OVI conviction within twenty years. Furthermore, the prosecutor and appellant had admitted as a joint exhibit, appellant's driving record, which showed that appellant's driver's license was under a court-imposed suspension on the day of the instant offense for that

previous OVI conviction.

{¶31} Based on all of this evidence, this is not the extraordinary case where the evidence weighs heavily in favor of acquittal. Appellant's convictions for the OVI offense and driving under an OVI license suspension were not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is overruled.

{¶32} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.